IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDDIE LINDSEY,

    Plaintiff,

v.

UNITED AIRLINES, INC., *et al.*,

    Defendants.

No. C 17-00753 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

## INTRODUCTION

In this employment discrimination action, defendants move to dismiss portions of an amended complaint. For the reasons below, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART.**

## STATEMENT

Plaintiff Eddie Lindsey is an African-American airline captain who has been employed by defendant United Airlines, Inc., or its corporate predecessors since 1979, except for a four-year hiatus during which he left United to fly for several other airlines. He alleges that United, along with defendants Continental Airlines, Inc., and United Continental Holdings, Inc. ("UCH") — the corporate parent of United and Continental — passed him over for promotion on several occasions because of his race and age, and in retaliation for his past complaints to the Equal Employment Opportunity Commission.

Lindsey, proceeding *pro se*, filed employment discrimination charges against United with the EEOC in September 2015 after United declined to promote him to a check airman

position (a type of flight instructor) stating that he was "not qualified." A white pilot with fewer years of experience was given the position instead (Amd. Compl. ¶ 29). His EEOC claim, attached as Exhibit A to defendants' request for judicial notice, stated in full (RJN Exh. A at 2):

> I have been employed with this organization since 1979. I am currently number 25 in seniority out of fourteen thousand pilots. I have been a Captain for 30 years and during the past year have attempted 3 times to seek a promotion to the position of Check Airman.
>
> I was most recently interviewed and denied the promotion on August 3, 2015. I was informed that I was not as qualified as other applicants.
>
> I believe I have been discriminated against based on my age (61), in violation of the Age Discrimination in Employment Act (ADEA) of 1967, as amended.

Lindsey also checked boxes on the standard EEOC charge form indicating that he had been discriminated against based on race, age, and retaliation, and that this was part of a "continuing action" against him.

In January 2016, while his EEOC complaint was pending, Lindsey applied for the position of assistant chief pilot in San Francisco. United denied Lindsey this position and instead gave it to an African-American pilot with fewer years of experience than him (Amd. Compl. ¶ 30).

The EEOC issued Lindsey a right-to-sue letter in November 2016, and Lindsey, represented by counsel, commenced this action in February 2017 alleging claims for race and age discrimination under (1) Title VII of the Civil Rights Act, (2) 42 U.S.C. 1981, (3) the Age Discrimination in Employment Act, (4) the California Fair Employment and Housing Act, (5) The Texas Commission on Human Rights Act (TCHRA), and (6) 42 U.S.C. 1985. He filed an amended complaint in April 2017, which pled the same claims but added allegations that he was also discriminated against in retaliation for having filed complaints with the EEOC. His allegations are based upon United passing him up for a check airman position on multiple occasions, most recently in 2015, and denying him an assistant chief pilot position in 2016.

2

Defendants now move to dismiss certain of Lindsey's claims, and to dismiss Continental and UCH entirely. In his response to defendants' motion, Lindsey withdrew his FEHA and Section 1985 claims (Pl.'s Opp. at 10–11). This order follows full briefing and oral argument.

**ANALYSIS**

Defendants argue that certain of Lindsey's claims should be dismissed. *First*, defendants argue that Lindsey's Title VII, ADEA, and TCHRA claims should be dismissed for failure to exhaust administrative remedies to the extent that they are predicated on a disparate-impact theory, or involve Lindsey's denial promotion to assistant chief pilot. *Second*, defendants argue that Lindsey's claims against UCH should be dismissed both because he failed to include UCH in his administrative complaint and therefore his claims are not exhausted, and because he has failed to state a plausible claim against UCH. *Third*, defendants argue that Continental Airlines should be dismissed from this suit because, as the result of its merger with United, it no longer exists. Each of the foregoing arguments is addressed in turn.

### 1. ADMINISTRATIVE EXHAUSTION.

In employment discrimination cases, district courts may only hear charges alleged in the administrative action, or conduct that is "like or reasonably related to" the charges described in the administrative allegations. *Rodriguez v. Airborne Express,* 265 F.3d 890, 896–97 (9th Cir. 2001). "This standard is met where the allegations in the civil suit are within the scope of the administrative investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 897 (citation and internal quotation marks omitted). In assessing the relatedness of claims, district courts construe EEOC charges "with the utmost liberality. . . ." *Yamaguchi v. United States Dep't of the Air Force,* 109 F.3d 1475, 1480 (9th Cir. 1997).

The following sections first address whether Lindsey's disparate-impact theory of discrimination was pled in his EEOC charge or is reasonably related to his administrative allegations, and next address whether Lindsey's claim concerning his denial of the chief assistant pilot position in 2016 is reasonably related to his EEOC charge.

### A. Disparate-Impact Claims.

To state a disparate-impact claim, an employee must allege "employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003). This is distinct from a disparate-treatment claim in which a complainant alleges that his employer treated him less favorably due to his membership in a protected class. Because these claims arise from different theories, a party cannot rely on allegations supporting one to administratively exhaust the other. *Brown v. Puget Sound Elec. Apprenticeship & Training Trust*, 732 F.2d 726, 729-30 (9th Cir. 1984).

Lindsey's EEOC charge lacks the characteristic feature of a disparate-impact claim — the recitation of a facially-neutral employment policy. He argues, however, that an administrative investigation into whether a neutral United policy had a disparate impact on its employees would "reasonably be expected to grow" out of his EEOC charge and is therefore within the Court's jurisdiction (Pl.'s Opp. at 5).

This order disagrees. Even affording Lindsey's EEOC charge its most liberal construction, it does not state a disparate-impact theory, nor is a disparate-impact theory "like or reasonably related to" his administrative allegations. The EEOC charge does not mention any neutral policy, the touchstone of a disparate-impact claim. Rather, Lindsey's EEOC charge complained only of disparate treatment, stating that he was discriminated against because of his membership in a protected class.

The authorities Lindsey cites — none of which are binding here — are not persuasive. Each involved an administrative complaint that discussed a particular employment policy or practice. *Gomes v. Avco Corp.*, 964 F.2d 1330, 1334 (2d Cir. 1992) (administrative complaint citing eight-years-experience policy); *Ernst v. Bank of Am. Corp.*, No. 12CV1255 JM (BGS), 2012 WL 5682052, at *4 (S.D. Cal. Oct. 30, 2012) (Judge Jeffrey Miller) (administrative complaint citing date-of-birth policy); *Hannon v. Chater*, 887 F. Supp. 1303, 1316–18 (N.D. Cal. 1995) (Magistrate Judge Edward Infante) (administrative complaint citing affirmative-action plan); *Boe v. Alliedsignal, Inc.*, No. CIV. A. 99-2188-GTV, 2000 WL 343792, at *3 (D.

4

Kan. Mar. 29, 2000) (Judge David Waxse) (administrative complaint citing medical-leave policy).

Not one of these authorities supports Lindsey's case because his EEOC charge did not point to any employment policy or practice of United. Therefore, an investigation into particular United policies would not naturally follow from Lindsey's allegations. Lindsey is now outside the period during which he may amend his EEOC charge. 42 U.S.C. 2000e-5. Accordingly, this claim is **DISMISSED** for failure to exhaust administrative remedies. Because of futility, this is without leave to amend.

### B. Assistant Chief Pilot Position.

Defendants further move to dismiss Lindsey's claims related to United's decision not to promote him to an assistant chief pilot position in San Francisco in 2016 on the ground that this incident was not described in his EEOC charge. In fact, Lindsey was denied the assistant chief pilot position *after* he filed his charge with the EEOC so that denial was necessarily not included in his charge. Lindsey acknowledges that the assistant chief pilot claim remained missing from his EEOC charge but argues that it is "like or reasonably related" to the other allegations and should therefore be considered exhausted (Pl.'s Opp. at 7).

Lindsey argues two theories upon which he claims his assistant-chief-pilot claims may proceed. *First*, he contends that his denial of promotion to assistant chief pilot reasonably relates to his EEOC complaint because the denial was retaliation for the complaint. *Second*, he contends that this denial of promotion was another in a series of acts of discrimination by United based on his race and age (Pl.'s Opp. at 7-8).

Our court of appeals has made clear that an employee does not need to file new charges concerning "reasonably related . . . acts occurring during the pendency of the charge before the EEOC" in order to exhaust claims related to those acts. *Oubichon v. N. AM. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973). Cataloging each related incident that occurred while an EEOC charge was pending would impose an unnecessary burden on the complainant. Accordingly, the question becomes whether an investigation into Lindsey's claim that he was denied an assistant chief pilot position could have reasonably been expected "to grow out of

earlier incidents on which his [EEOC charge] is made." *Ibid.* To determine relatedness, courts consider "such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003), *as amended* (Jan. 2, 2004) (quoting *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1100 (9th Cir. 2002)).

### *(1)* *Retaliation.*

Though Lindsey's EEOC charge is sparing, construing it "with the utmost liberality" he has sufficiently exhausted his retaliation claim. *Yamaguchi,* 109 F.3d at 1480. Lindsey marked the "retaliation" box in his EEOC charge against United, and further marked the box indicating that the events in his charge were part of a "continuing action" (RJN Exh. A at 1). In his amended complaint, Lindsey alleges that he has filed multiple EEOC charges against United, including the one filed in 2015 (Amd. Compl. ¶ 40). An EEOC investigation into whether Lindsey was denied the San Francisco promotion as a result of retaliation could reasonably have been expected to grow out of his charge.

Defendants argue that the denial of the San Francisco promotion was not reasonably related to Lindsey's EEOC charge because the denials were geographically disparate and the individuals who denied Lindsey the San Francisco promotion were different from the people who denied him the position in Houston (Def.'s Mot. at 5-6).

Defendants' cite *Vasquez* in support of their argument, but *Vazquez* is distinguishable in two important ways. *First*, the EEOC charge in *Vazquez* did not allege retaliation. Accordingly, the EEOC could not have reasonably been expected to investigate whether the plaintiff was retaliated against without something further in the EEOC charge prompting it to do so. 349 F.3d at 645. *Second,* the charge in *Vazquez* was against one particular supervisor, whereas his district court complaint claimed other individuals had retaliated against him. The EEOC could not have reasonably been expected to broaden its investigation to encompass those other individuals for charges leveled solely against the plaintiff's supervisor.

Here, in contrast, Lindsey made a retaliation claim in his EEOC charge. Moreover, he

6

accused United in his EEOC charge, the same party he has accused of denying him the promotion in San Francisco in his amended complaint. Therefore, it would have been reasonable for the EEOC to investigate retaliation by United against Lindsey occurring shortly after the charge was made.

An investigation into whether Lindsey was denied the San Francisco promotion as retaliation for earlier EEOC complaints could reasonably have been expected to grow out of the charges he filed with the EEOC. *Oubichon*, 482 F.2d at 571; *see also Sosa v. Hiraoka*, 920 F.2d at 1456-57.

### *(2) Discrimination*.

Lindsey's discrimination claims related to the chief-assistant-pilot position could likewise have grown out of his EEOC charge, and are therefore exhausted.

Lindsey's EEOC charge states that United passed him over for a check airman position on three occasions in one year, most recently in August 2015, because of his age (RJN Exh. A at 2). He also checked the box indicating that his was a continuing violation. His amended complaint claims that less than a year after being passed up for the check airman position, United passed him up for promotion for a position to an assistant-chief-pilot position because of his age (Amd. Compl. ¶¶ 30, 38). Both positions were given to younger, less qualified pilots (Amd. Compl. ¶¶ 29–30).

On the basis of these allegations, Lindsey has shown that his age-based discrimination claim regarding the San Francisco position is reasonably related to his EEOC charge for age-based discrimination such that they could have reasonably been expected "to grow out of earlier incidents on which his [EEOC charge] is made."

Accordingly, defendants' motion to dismiss Lindsey's assistant-chief-pilot claim is **DENIED**.

### 2. UNITED CONTINENTAL HOLDINGS.

#### A. Exhaustion.

Generally, "claimants may sue only those named in the EEOC charge because only they had an opportunity to respond to charges during the administrative proceeding." *Sosa v.*

*Hiraoka*, 920 F.2d 1451, 1459 (9th Cir. 1990). This rule, however, has several exceptions, two of which Lindsey argues apply here (Pl.'s Opp. at 10). *First*, a "suit may proceed if the EEOC could have inferred that the unnamed party violated Title VII." *Second* "if the respondent named in the EEOC charge is a principal or agent of the unnamed party, or if they are substantially identical parties, suit may proceed against the unnamed party."

Neither of these exceptions apply. It would not have been reasonable for the EEOC to infer that UCH, United's parent company, violated anti-discrimination laws from the charge Lindsey filed. In his charge, Lindsey did not mention UCH or any policy exercised by UCH. "If a complainant neither names a defendant in her administrative charges, nor alleges facts implying that the defendant discriminated, a Title VII action against such defendant is premature at best." *Stache v. Int'l Union of Bricklayers & Allied Craftsmen*, 852 F.2d 1231, 1234 (9th Cir. 1988).

Nor does Lindsey offer any persuasive support for his contention that UCH and United should be treated as "substantially identical parties." All he has pled to this effect is that UCH is United's parent company. A corporate parent is not "substantially identical" to its subsidiary by dint of the parent-subsidiary relationship alone. Therefore, Lindsey has not exhausted his claims against UCH. Further, Lindsey is now outside the period during which he may amend his EEOC charge. 42 U.S.C. 2000e-5.

### B. Failure to State a Claim.

Lindsey has also failed to plausibly allege that UCH took discriminatory actions against him. *See* FRCP 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court cannot subject UCH to liability for acts taken by Lindsey's employer, United, merely because Lindsey states that UCH is also liable for those acts. This is the sort of "naked assertion" the Federal Rules prohibit. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To the extent Lindsey was discriminated against, he will have a remedy against United and need not draw extraneous parties into this suit.[1]

---

[1] The amended complaint alleges that UCH is Continental Airlines' "successor-by-merger" and is therefore liable for Continental's discriminatory acts (Amd. Compl. ¶ 20 n. 1; Pl.'s Opp. at 9). This allegation is not plausible in light of the judicially noticeable document submitted to the court showing that United and Continental merged, and that Continental was the surviving entity, although it took the name United Airlines,

8

Defendants' motion to dismiss UCH from this action is **GRANTED**. Leave to amend is denied. If, as discovery proceeds in this matter, evidence surfaces indicating that UCH was directly involved in discrimination against Lindsey, or directed United to discriminate against him, then the Court will consider allowing plaintiffs to amend their complaint to re-add UCH as a party.

### 3. CONTINENTAL AIRLINES.

In light of defendants' submission of the certificate of merger between Continental and United, it is not plausible that the entity named Continental described in Lindsey's amended complaint still exists. (RJN Exh. B at 4–5). The former Continental is now United Airlines, Inc. Therefore, defendants' motion to dismiss Continental from this action is **GRANTED**. Leave to amend is denied as futile. As stated above, to the extent Lindsey was discriminated against, he will have a remedy against United and there is no need to keep an extraneous entity, indeed one that no longer exists, in this action.[2]

### 4. JUDICIAL NOTICE

FRE 201(b)(2) allows judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Defendants requested judicial notice of Lindsey's EEOC charge and the certificate of merger between United Airlines, Inc. and Continental Airlines, Inc to establish the fact that United is the name of the surviving entity, and Continental no longer exists. Lindsey does not object to defendants' request for judicial notice.

The EEOC charge can be accurately and readily determined by Lindsey, who authored the charge and does not object to it, and refers to it in his complaint by a complaint number

---

Inc. (RJN Exh. B at 4–5).

[2] Lindsey additionally asks that United be estopped from denying liability for any discriminatory or retaliatory acts of Continental (Pl.'s Opp. at 11). Lindsey cites Delaware authority that stands for the broad proposition that successor corporations may be liable for their predecessors' torts. Defendants do not address this argument, nor have they denied liability for any of Continental's acts. This question need not be resolved at this stage as removing the name of a non-existent entity, Continental, from this suit does not have any legal effect on successorship. *See Steinbach v. Hubbard*, 51 F.3d 843, 846 (9th Cir. 1995) (setting forth considerations of successor liability in the employment context).

9

matching the number of the document for which defendants now request judicial notice (Amd. Compl. ¶ 14). The certificate of merger is a public document and its authenticity can be accurately and readily determined from the Delaware Secretary of State website at https://icis.corp.delaware.gov/Ecorp. Therefore, defendants' request for judicial notice is **GRANTED**.

Lindsey requested judicial notice of his proof of service of Continental Airlines, Inc. This proof of service is already on the docket (Dkt. No. 11), and therefore the court need not take judicial notice of it. It is already noticed. Lindsey's request for judicial notice is **DENIED**.

## CONCLUSION

Defendants' motion to dismiss Lindsey's disparate-impact claims, and to dismiss UCH and Continental from this action is **GRANTED**. Defendants' motion to dismiss Lindsey's claims based on his denial of promotion to the position of chief assistant pilot is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 2, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE