IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDDIE LINDSEY, an individual,

    Plaintiff,

  v.

UNITED AIRLINES, INC.,

    Defendant.

No. C 17-00753 WHA

**ORDER RE ADMINISTRATIVE MOTION TO FILE UNDER SEAL IN CONNECTION WITH DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff has filed an administrative motion to file under seal in connection with defendant's motion for summary judgment (Dkt. No. 104). This order resolves the administrative motion.

In this circuit, courts start with a "strong presumption in favor of access" when deciding whether to seal records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To seal judicial records in connection with a dispositive motion requires "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *See id.* at 1178–79 (quotations and citations omitted).

Plaintiff moved to file under seal the *entirety* of his opposition to defendant's motion for summary judgment, in addition to Exhibits 19, 21, 28, 43 and 59 in support of his opposition, pursuant to defendant's confidentiality designations. Defendant responded that Exhibits 21 and 28 did not require sealing (Dkt. No. 106).

As an initial matter, this order **DENIES** defendant's request that Exhibits 19, 43 and 59 — and portions of plaintiff's opposition referencing or quoting those exhibits — remain under

seal until the Court decides defendant's motions *in limine*. Whether these documents are admissibile at trial is irrelevant to the instant sealing motion.

Defendant contends that unsealing Exhibit 19, a settlement agreement entered into between Lindsey, Lindsey's ex-wife, and Continental Airlines, "would permanently deny United the confidentiality for which the three parties bargained." Defendant argues that "[o]f particular sensitivity" are (1) the settlement dollar amounts; (2) any mention or provision relating directly to Lindsey's ex-wife; and (3) the names and personal identifying information of two non-parties contained in Section 2(d) of the settlement agreement. Defendant's request to seal the dates of hire and dates of birth contained in Section 2(d) of the settlement agreement is **GRANTED**. Defendant's request is otherwise **DENIED**.

Defendant also seeks to maintain under seal those portions of Exhibits 43 and 59 which either reference or transcribe a recording of a 2016 United management meeting. Defendant argues that plaintiff has submitted the evidence solely as an attempt to "improperly and illegally smear and harm reputation." This order disagrees. Defendant has not shown compelling reasons to maintain these documents under seal and the request is accordingly **DENIED**.

Plaintiff shall file his opposition to defendant's motion for summary judgment, and Exhibits 21, 28, 43, and 59 thereto, on the public record by **MAY 18**. By that same date, plaintiff shall file a redacted version of Exhibit 19 which comports with this order.

**IT IS SO ORDERED.**

Dated: May 11, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE